**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN SCHNEIDER, individually and on behalf all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ECOLAB, INC., <br><br> Defendant. | No. 14-cv-1044 <br><br> Honorable Edmond E. Chang |

**MOTION TO EXCLUDE EXPERT DECLARATIONS
OF DONALD WINTER AND MICHAEL AHEARNE**

Plaintiff Steven Schneider, by his undersigned counsel, moves this Court to exclude the expert declarations of Donald Winter and Michael Ahearne, Doc. #99-18, 99-9, pursuant to Federal Rules of Evidence 403 and 702.

On June 10, 2015, Schneider's counsel conferred with Ecolab's counsel. Ecolab objects to this Motion and requests that in order to accommodate the present summary judgment briefing schedule and counsel's holiday and vacation plans, it be permitted to file a Response by July 17, 2015. Schneider does not believe a Reply is necessary but is willing to submit one should this Court require it.

In support of this Motion, Schneider states:

**INTRODUCTION**

1.      Ecolab's Motion for Summary Judgment and supporting Memorandum, Doc. #96-97, raise issues regarding interpretation of the IMWL's "commissioned employee" exemption and "outside salesperson" definition.

2.      The IMWL's "commissioned employee" exemption, which incorporates 29 U.S.C. §207(i), requires this Court to rule on whether: (i) Ecolab is a "retail or service establishment"; (ii) Ecolab paid Schneider at least fifty percent of his income in the form of bona fide commissions; and (iii) Ecolab paid Schneider a wage at least one and one-half times the minimum wage. *See* 820 ILCS 105/4a(2)(F); *Alvarado v. Corporate Cleaning Services, Inc.*, 782 F.3d 365, 366 (7th Cir. 2015).

3.      The IMWL's "outside salesperson" definition requires this Court to rule on whether Schneider "regularly engaged in making sales or obtaining orders or contracts for services where a major portion of such duties are performed away from [Schneider's] employer's place of business." 820 ILCS 105/3(g).

4.      Defendant has identified a hospitality industry consultant, Donald Winter, and a professor of sales methodology, Michael Ahearne, as expert witnesses. Both Winter and Ahearne provide declarations in support of summary judgment. Doc. #99-18, 99-9. Winter's expert declaration concludes that Ecolab is a "retailer", *see* Doc. #99-18 at 3, ¶15, an ultimate legal issue to be determined in ruling on whether the Illinois Minimum Wage Law's ("IMLW") "commissioned employee" exemption, *see* 820 ILCS 105/4a(2)(F), is met. Likewise, Ahearne's expert declaration concludes Schneider engaged in "sales work", *see* Doc. #99-9 at 4-5, ¶¶12-13, an ultimate legal issue under the IMWL's "outside salesperson" definition. *See* 820 ILCS 105/3(d)(4), (g).

5.      It is well-settled that experts cannot instruct a Court on the law and cannot provide expert opinions (as Winter and Ahearne purport to do) on whether a particular legal requirement has been met. *See U.S. v. Lupton*, 620 F.3d 790, 799-800 (7th Cir. 2010). Winter

and Ahearne's opinions improperly invade the province of this Court to determine the law. *See id.* Therefore, to the extent their declarations provide legal opinions they should be excluded.

## ARGUMENT

6.      Only admissible evidence may be considered when ruling on a motion for summary judgment. *Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009). "This rule applies with equal vigor to expert testimony." *Id.* Thus, it is necessary to consider the admissibility of an expert's opinions which support or oppose summary judgment. *Id.* Under Federal Rule of Evidence 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues." Also, under Federal Rule of Evidence 702, expert opinions are admissible only if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."

7.      "The meaning of federal regulations [and statutes] is not a question of fact . . . [i]t is a question of law, to be resolved by the court." *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994). "[T]he only legal expert in a federal courtroom is the judge." *U.S. v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008). "Interpreting a statute is a legal question for the court, not a fact issue on which expert testimony is appropriate." *U.S. v. Jennings*, 348 F. App'x 165, 166 (7th Cir. 2009). Advising a court on how to rule on a legal issue is never proper. *Id.*; *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). Thus, it is proper to exclude expert testimony which informs a court how to rule on a legal issue. *Id.*

8.      In *Good Shepherd*, the plaintiff sought to introduce the testimony of an attorney expert witness at trial. 323 F.3d at 564. The plaintiff attempted to use the attorney expert's

3

testimony to assist the district court in ruling that the defendant's actions violated the Fair Housing Amendments Act. *Id.* The district court excluded this testimony. *Id.* The *Good Shepherd* Court affirmed on appeal, holding that it is well established that "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Id.* The Court found that the district court properly excluded the attorney expert's testimony. *Id.*

9. Similarly, in *U.S. v. Noel*, the government introduced the expert testimony of a detective that the photos at issue met the definition of child pornography. 581 F.3d 490, 496-97 (7th Cir. 2009). Not only did the Seventh Circuit believe the jury was able to make the determination themselves, but that the conclusions given by the expert were nothing more than telling the jury: "I am familiar with the definition of pornography, and this meets that definition because I said so." *Id.* at 497. Thus, the Seventh Circuit held that the expert testimony should have been excluded as an improper legal conclusion on an ultimate issue. *Id.*; *see also Perez v. RadioShack Corp.*, 2005 WL 3455858 at *3 (N.D. Ill. Dec. 13, 2005) (holding that expert's opinion needed to be excluded in Fair Labor Standards Act case where expert concluded that managers were not exempt from overtime compensation because they "do not have management as their primary duty.")

10. Like *Good Shepherd*, *Noel*, and *Perez*, Ecolab's experts improperly invade on this Court's duty to determine the law.

11. Winter summarizes his opinion as follows: "I hold the opinion that Ecolab is a retailer of Operating Supplies to the Hospitality Industries, in direct selling competition with a wide variety of other retailers." Doc. #99-18 at 3, ¶15. Winter's opinion contains a conclusion on an ultimate legal issue—whether Ecolab is a retailer. *See Alvarado*, 782 F.3d at 369-70 (discussing whether it was proper to "classify [the defendant employer] as a *retailer*" within the

4

meaning of § 207(i)) (emphasis added). Like *Good Shepherd* and *Perez*, Winter's opinion improperly instructs this Court on whether the statutory definition of "retailer" has been met; it should thus be excluded. *See* 323 F.3d at 564; 2005 WL 3455858 at *3.

12.     Ahearne summarizes his opinion as follows: "It is my opinion that Steven Schneider plays a central role in the sales process . . . [I]t is further my opinion that the work Steven Schneider is engaged in while employed In his RMS role at Ecolab is sales work . . . [Schneider's] service work was incidental to, and in furtherance of, his selling duties and responsibilities." Doc. #99-9 at 4-5, ¶¶12-13. Like *Noel*, Ahearne is essentially telling this Court "I am familiar with the definition of a salesperson, and Schneider is a salesperson because I said so." *Compare id. with* 581 F.3d at 497. Ahearne's declaration should thus be excluded. *See Noel*, 581 F.3d at 497. Also, Ahearne's declaration improperly provides a legal opinion that the service work Schneider performed was "incidental to, and in furtherance of, his selling duties and responsibilities." *Compare* #99-9 at 5, ¶13 *with Killion v. KeHE Distributors, LLC*, 761 F.3d 574, 593 (6th Cir. 2014) (holding that it was proper to exclude expert report which contained impermissible legal opinions on whether non-sales work was "incidental" to sales work).

13.     Federal Rule of Evidence 704, which provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue," does not make Winter and Ahearne's declarations admissible. The Notes to Rule 704 state that "[u]nder Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time." Thus, it is still proper to exclude "opinions which would merely tell the [judge or] jury what result to reach." *Id.* This is exactly what Winter and Ahearne's declarations do—they tell this Court (and a jury should this case go to trial) that Ecolab is a "retailer" and Schneider is engaged in "sales"—ultimate legal issues under the IMWL's "commissioned employee"

exemption and "outside salesperson" definition, respectively. *See id.*; *see also Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) ("An expert cannot be presented to the [factfinder] solely for the purpose of constructing a factual narrative based upon the record evidence."). Winter and Ahearne's declarations are therefore improper intrusions on this Court's exclusive role as arbiter of the law. *See Good Shepherd*, 323 F.3d at 564; *Perez*, 2005 WL 3455858 at *3.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court to exclude the expert declarations of Donald Winter and Michael Ahearne pursuant to Federal Rules of Evidence 403 and 702 to the extent those declarations include impermissible legal opinions.

Dated: June 10, 2015                                STEVEN SCHNEIDER

                                                     /s/ John Auchter

Vincent L. DiTommaso                                Terrence Buehler
John Auchter                                        TOUHY, TOUHY & BUEHLER, LLP
DITOMMASO♦LUBIN P.C.                                55 W. Wacker Drive Suite 1400
17W220 22nd Street, Suite 410                       Chicago IL 60601
Oakbrook Terrace, Illinois 60181                    (312) 372-2209
(630) 333-0000                                      (312) 456-3838 (facsimile)
(630) 333-0333 (facsimile)                          tbuehler@touhylaw.com
jauchter@ditommasolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, John Auchter, the undersigned attorney, hereby certify that on the 10th day of June, 2015, I caused to be served a copy of the within and foregoing Motion to Exclude Expert Declarations of Donald Winter and Michael Ahearne via the Court's CM/ECF system, on all counsel of record.

/s/ John Auchter     